UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:09-CV-00019

JONATHAN HONEYCUTT                                                                                    PLAINTIFF

v.                                            **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Jonathan Honeycutt ("Plaintiff") and Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). Plaintiff claims that the Commissioner's decision denying social security disability and supplemental security income disability benefits was not supported by substantial evidence. Plaintiff's motion for summary judgment argues that the ALJ erred by: (1) failing to give greater weight to the opinion of his chiropractor regarding his physical limitations, and (2) posing hypothetical questions to a vocational expert that failed to accurately portray his impairments. For the reasons set forth below, the Court has determined that Plaintiff's claims are without merit and will grant Defendant's Motion for Summary Judgment (Rec. No. 13).

I.      FACTS AND PROCEDURAL BACKGROUND

Plaintiff initially filed an application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") benefits on March 12, 2005 (Tr. 40-44, 260-62). He claimed an onset date for the disability of January 31, 1998. (Tr. 11). The claim was denied initially and on reconsideration. (Tr. 24-34, 263-72). Thereafter the Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") which was held on April 18, 2006. (Tr. 11). In a decision issued on June 28, 2006, the ALJ determined that based on the

application for a period of disability and DIB filed on March 12, 2005, Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 17). Based on the application SSI filed on March 12, 2005, the ALJ found that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. (Tr. 17).

After the Appeals Council declined Plaintiff's request for review on September 23, 2006, Plaintiff once again appealed to the United States District Court for the Eastern District of Kentucky. (Tr. 5-7). On July 31, 2007, Judge Unthank issued an opinion affirming the administrative decision concerning Plaintiff's disability status for the period prior to December 31, 1999. (Tr. 334); *see Honeycutt v. Astrue*, No. 06-486-GWU (E.D. Ky. July 31, 2007). Judge Unthank explained that Plaintiff was required to show a period of disability before December 31, 1999 and after the date of a previous denial decision on September 22, 1999 to be entitled to benefits. (Tr. 343). Because no evidence was presented concerning Plaintiff's condition during this period of time, the decision finding that Plaintiff was not entitled to DIB was affirmed. (Tr. 344).

However, Judge Unthank reversed and remanded the decision regarding Plaintiff's eligibility for SSI benefits for further consideration. (Tr. 334). His opinion indicated that Dr. Patel, Plaintiff's chiropractor, was the only examining source giving an opinion regarding his physical restrictions. (Tr. 347). This opinion limited Plaintiff to less than sedentary exertion. (Tr. 239-40, 347). While Judge Unthank recognized that chiropractors are not "acceptable medical sources," their opinions are considered "other sources" which are to be considered in assessing an individual's physical limitations. (Tr. 347). Social Security Ruling 06-03p was issued shortly after the ALJ's decision and clarifies that opinions from "non-medical sources,"

2

such as Dr. Patel, who have seen claimants in a professional capacity should be evaluated and considered based on several factors. (Tr. 347).[1] In response to this ruling, Judge Unthank advised that:

> On remand, these new guidelines should be kept in mind, particularly since no other examining source expressed an opinion regarding the plaintiff's physical capacity, and because no reviewing source had access to the entire record.

(Tr. 348).

The case was then remanded by the Appeals Council to an ALJ for a hearing which was held on July 24, 2008. (Tr. 299). The Plaintiff appeared and testified, as did a vocational expert ("VE"). The ALJ then rendered a decision on October 21, 2008 finding Plaintiff not disabled (Tr. 296-308) and Plaintiff's request for review by the Appeals Council was denied. (Tr. 327-29). Because Plaintiff properly exhausted all of his administrative remedies, this matter is now ripe for judicial review. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c).

## II.   DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence

---

[1] These factors included the length and frequency of the relationship, the consistency of the opinion with other evidence, the degree to which the source presents relevant evidence to support the opinion, how well the source explains the opinion, and whether the source has a specialty or area of expertise related to the individual's impairment. *See* SSR 06-03p, 2006 SSR LEXIS 5 at *11.

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by their impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently doing substantial gainful

activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimants RFC, he must determine whether a claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the Commissioner has the burden of establishing that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Determination**

At the first step, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 31, 1998 which is the alleged onset date for his disability. (Tr. 301). At step two, the ALJ found that Plaintiff has several severe impairments including degenerative disk disease, herniated nucleus pulposus, borderline intellectual functioning, depressive disorder and

5

anxiety disorder. (Tr. 301).

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 302). With regard to Plaintiff's physical impairments, the ALJ found no medical evidence documenting a listing-level severity and indicated that no "acceptable medical source" has mentioned findings equivalent to the criteria of any listing. (Tr. 302). The ALJ indicated that whether Plaintiff's impairments were considered singly or in combination, they failed to meet a listing. (Tr. 302). The ALJ also determined that Plaintiff's mental impairments did not meet or medically equal the criteria of listings 12.02, 12.04 and 12.06. In making this finding, the ALJ determined that the "paragraph B criteria" and "paragraph C criteria" were not satisfied. (Tr. 303).

Prior to addressing step four, the ALJ assessed Plaintiff's RFC. The ALJ concluded that Plaintiff has:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can perform no climbing of ladders/ropes/scaffolds or crawling. He can no more than occasionally climb ramps/stairs, bend, crouch, or stoop. He requires a sit/stand option every 45 minutes. The claimant can perform simple 1-2 step instructions. He can have occasional casual interaction with co-workers, supervisors, or the public. He can make occasional adjustments to changes in work settings or routines. He can perform no job in which reading is an essential job element.

(Tr. 303). At step four, the ALJ then determined that based on this RFC, Plaintiff is able to perform his past relevant work as an animal feeder. (Tr. 306). As additional support for this determination, the ALJ relied on the testimony of the VE who indicated that based on his RFC, Plaintiff was capable of performing his past employment. (Tr. 434).

Despite this finding, the ALJ proceeded to step five of the sequential analysis. (Tr. 306).

6

There the ALJ determined that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 306). This determination was also aided by the testimony of the VE. (Tr. 307, 434-37). Jobs that Plaintiff was deemed capable of performing included jobs in the food service industry, as a mail clerk and janitor. (Tr. 307). As a result of his findings, the ALJ found Plaintiff has not been under a disability and is not disabled as defined by the Social Security Act from January 31, 1998 through the date of the decision. (Tr. 307).

**D. Analysis**

Plaintiff makes two arguments on appeal. First, he argues that the ALJ erred by disregarding the District Court's order on remand and failing to give sufficient consideration and weight to the opinion of his chiropractor, Dr. Patel, who opined that he was limited to less than sedentary work. Second, Plaintiff claims that the hypothetical questions posed by the ALJ to the VE failed to accurately convey his physical limitations. As a result, Plaintiff appears to claim that there is not substantial evidence supporting for the ALJ's determination that there are jobs that exist in significant numbers in the national economy that he can perform.

**1. Dr. Patel's opinion**.

Dr. Patel, diagnosed Plaintiff with chronic low back pain with radicular symptoms based in part on an MRI of the lumbosacral spine showing degenerative disk disease at L5-S1 with left disc protrusion and nerve root impingement. (Tr. 239). His opinion limited Plaintiff to less than sedentary exertion, deemed him capable of standing/walking for a total of two hours per day and sitting two hours per day. (Tr. 239-43). Dr. Patel's also recommended that Plaintiff should never climb, balance, crouch, kneel or crawl, but could occasionally bend. (Tr. 241). As of

7

March 22, 2006, when the opinion was rendered, Dr. Patel had been seeing Plaintiff for four months. (Tr. 239). The record also contains office notes covering treatments received by Dr. Patel from November 2005 until the end of March 2006. (Tr. 245-59). Plaintiff apparently received treatment from Dr. Patel for a one year period.

Plaintiff initially argues that the ALJ disregarded Dr. Patel's opinion. The Court does not agree. In consulting the record to determine Plaintiff's RFC, the ALJ recognized that Plaintiff was treated by Dr. Patel for approximately one year and stopped seeing him because he could no longer afford treatment. (Tr. 304, 409-11). In addition, the ALJ's opinion clearly recognized that Dr. Patel had given an opinion regarding Plaintiff's physical limitations on March 22, 2006, which Plaintiff now argues supports a finding that he is disabled. (Tr. 305). However, the ALJ found that the severe restrictions imposed by Dr. Patel were contradicted by Plaintiff's daily activities. While the ALJ's opinion indicated that Dr. Patel's was not an "acceptable medical source" under 20 C.F.R. § 416.913(d)(1) and Social Security Ruling 06-03p for purposes of identifying impairments, he nonetheless claimed to have carefully considered Dr. Patel's opinion, ultimately giving it little weight. (Tr. 305). Based on a review of the ALJ's opinion, it is clear that he did not disregard Dr. Patel's opinion, but simply found it unsupported by other evidence in the record.

Plaintiff also claims that the ALJ improperly determined that Dr. Patel's opinion was not an "acceptable medical source" in disregard of Judge Unthank's decision and Social Security Ruling 06-03p. However, this argument misconstrues both the applicable Social Security Ruling and Judge Unthank's opinion. Federal regulations are quite clear that chiropractors are not "acceptable medical source" but are considered "other sources." 20 C.F.R. § 416.913(d)(1).

Despite the fact that Dr. Patel's opinion is not an "acceptable medical source" the ALJ was still able to consider it to show the severity of Plaintiff's impairments and how they affected his ability to perform work. *Id.* at § 416.913(d). Social Security Ruling (SSR) 06-03p in no way altered the fact that chiropractors are not a "medically acceptable sources." The ruling only sought to clarify that the opinions of chiropractors are "other sources" that the ALJ should consider. SSR 06-03p, 2006 SSR LEXIS 5 at *1, 4 (indicating that evidence from "[m]edical sources who are not acceptable medical sources such as nurse practitioners...[and] chiropractors" may be used). Consequently, it is clear that the ALJ's statements that nurse practitioners and chiropractors are not "acceptable medical sources" under the regulations were correct.

Finally, Plaintiff argues that the ALJ erred by failing to give good reasons for giving the opinions of Dr. Patel, his treating source little weight. Plaintiff appears to argue that the opinion of Dr. Patel should be given the same level of deference as the opinion of a treating source.

Under the treating physician rule, the opinion of the treating physician as to the nature and severity of an individual's conditions is accorded controlling weight as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544(6th Cir. 2004). Even when the opinion of a treating physician is not controlling, it is entitled to a presumption of great deference. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Contrary to Plaintiff arguments, Dr. Patel is not a "treating source" as defined by federal regulations. "Only acceptable medical sources can be considered treating sources...whose opinions may be entitled to controlling weight." SSR No. 06-03p, 2006 SSR LEXIS 5 at *3-4;

9

*see also* 20 C.F.R. § 416.913(a). Because Dr. Patel is not an "acceptable medical source" as explained above, he does not qualify as a "treating source" and his opinion is not entitled to the deferential treatment that the opinion of a "treating source" would be.

Further supporting this Court's determination is the fact that Plaintiff's argument has been specifically rejected by the Sixth Circuit. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). In *Walters*, a claimant asked the Court to consider his chiropractor as a treating doctor and accord his opinion deference in the absence of conflicting evidence or a showing that his opinion was not reliable. *Walters*, 127 F.3d 525, 530 (6th Cir. 1997). The Court rejected this argument and explained that because the chiropractor was not an "acceptable medical source," the controlling weight and deferential treatment provisions for treating sources were inapplicable. *Id.* at 530-31. This decision further clarifies the fact that while the ALJ was required to consider Dr. Patel's opinion, it was entitled to no level of deference and he simply had to set forth an adequate explanation for giving it little consideration. *Walters*, 127 F.3d at 530-31; *Howard v. Astrue*, 2008 U.S. Dist. LEXIS 29055 at *13 (E.D. Ky. April 9, 2008); SSR 06-03p, 2006 LEXIS 5 at *1.

As explained above, the ALJ recognized that he was required to consider Dr. Patel's opinion. In considering the opinion, the ALJ found that the limitations imposed by Dr. Patel on March 22, 2006, were contradicted by Plaintiff's daily activities. This conclusion is well supported by the record which indicates a level of activity inconsistent with Dr. Patel's physical limitations. For example, in June 2005, Plaintiff reported performing such routine chores as taking out the garbage, cleaning the yard, and mowing the lawn. (Tr. 148, 377). Plaintiff also makes weekly visits to his parents' home, attends church and goes fishing with friends. (Tr. 72,

74, 148, 211, 285, 412). The record also indicates that Plaintiff was in a motorcycle accident in December of 2006 (Tr. 413) and reported using a chainsaw during 2006 to saw firewood. (Tr. 413-14). The Court finds that these daily activities provide adequate support for the ALJ's determination that Dr. Patel's opinion should be given little weight. Finally, the Court also wishes to note that Dr. Patel had only been treating Plaintiff for four months at the time that he rendered his opinion.

The weight given to Dr. Patel's opinion is the only issue with regard to the ALJ's RFC determination that has been raised on appeal. Plaintiff has not challenged the ALJ's mental RFC determination. Based on the record before it, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

**2. The hypothetical questions to the VE.**

Plaintiff also argues that because the ALJ's hypothetical question to the VE did not accurately portray all of the limitations resulting from his impairments, the answers are not substantial evidence supporting the ALJ's determination that Plaintiff is capable of performing work that exists in significant numbers in the national economy. Plaintiff has offered no specific argument regarding how these hypothetical questions failed to accurately convey his physical and mental limitations and what limitations these hypothetical questions should have included. However, because the majority of Plaintiff's briefing focuses on the opinion of Dr. Patel, the Court will construe the omission of Dr. Patel's physical limitations from the hypothetical questions as the basis for this argument.

Hypothetical questions posed by an ALJ to a VE provide substantial evidence for a determination that an individual is able to work as long as they "accurately describe the plaintiff

11

in all significant, relevant respects." 5*Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)(explaining that an ALJ's hypothetical questions to a VE only need to incorporate limitations that are accepted as credible). As previously indicated, the ALJ's decision to give little consideration to Dr. Patel's opinion was appropriate based on its inconsistency with Plaintiff's daily activities and consistent with the record as a whole. As a result, Dr. Patel's limitations which were not supported by the record did not need to be incorporated into the ALJ's hypothetical questions to the VE. *Casey*, 987 F.2d at 1235. Because the Court finds that the ALJ's hypothetical questions accurately portrayed Plaintiff's physical and mental limitations, the ALJ's findings are supported by substantial evidence.

### III.    CONCLUSION

For the reasons set forth above, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Court HEREBY ORDERS that:

(1)    Plaintiff's Motion for Summary Judgment (Rec. No. 12) is **DENIED;** and

(2)    Defendant's Motion for Summary Judgment (Rec. No. 13) is **GRANTED.**

Dated this 20th day of November, 2009.

Signed By:
*Karen K. Caldwell*
United States District Judge